IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LACY FECHER,<br><br>          Plaintiff,<br><br>     vs.<br><br>ISLANDS HOSPICE, INC.,<br>JAN EATON, *et al.*,<br><br>          Defendants. | Case No. 23-cv-00130-DKW-WRP<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT WITH PARTIAL LEAVE TO AMEND** |

## INTRODUCTION

Defendant Islands Hospice, Inc. moves for partial dismissal of Plaintiff Lacy Fecher's discrimination claims, which arise out of her employment with Defendant.   Specifically, Defendant moves for dismissal of (1) any claims premised upon Fecher's alleged "constructive discharge" for failure to administratively exhaust the same, and (2) Fecher's claim under the Hawai'i Whistleblower Protection Act (HWPA) for failure to state a claim.   Fecher opposes the motion, arguing that (1) she raised a constructive discharge claim before the Equal Employment Opportunity Commission (EEOC), and (2) her claim under the HWPA is sufficient because she alleged that she was placed on "unpaid leave."

Having reviewed the parties' briefing, the record generally, and applicable case law, the Court largely agrees that the claims Defendant targets in the instant motion are subject to dismissal.   However, because amendment could cure the deficiencies, at least with respect to Fecher's claim under the HWPA, dismissal is with partial leave to amend, as more fully explained below.

## ALLEGED FACTUAL BACKGROUND

Prior to October 1, 2021, Fecher worked for Islands Hospice as a Registered Nurse.   Compl. at ¶ 9, Dkt. No. 1-2.   At this time, Fecher was pregnant, with an expected due date of November 28, 2021.   *Id*. at ¶¶ 10, 12.

In reaction to the coronavirus pandemic, and presumably given the nature of its business, Islands Hospice required that all employees receive an initial dose of a COVID vaccine by August 30, 2021, and a second dose by October 1, 2021.   *Id*. at ¶ 13.   Due to an alleged lack of reliable data on the effects of a vaccine on the unborn, Fecher requested an exemption from Islands Hospice's vaccination requirement.   *Id*. at ¶ 18.   Fecher also agreed to follow all coronavirus protocols that other "exempt" employees followed.   *Id*. at ¶ 19.   According to Fecher, Hawaiʻi law required employers, such as Islands Hospice, to provide exemptions to employees for medical conditions like pregnancy.   *Id*. at ¶ 17.   In addition, Fecher alleges that the EEOC warned employers, such as Islands Hospice, that federal law

2

required them to provide vaccine accommodations to pregnant employees if the

employer provided similar accommodations to other employees.   *Id*. at ¶ 15.   In

that regard, Islands Hospice provided exemptions from being vaccinated to

employees with religious exemptions.   *Id*. at ¶ 16.   Islands Hospice, however,

denied Fecher's request for an exemption, and placed her on unpaid leave on

October 1, 2021.   *Id*. at ¶¶ 21-22.

## PROCEDURAL BACKGROUND

On February 10, 2023, Fecher filed this action in the First Circuit Court of

the State of Hawaiʻi, naming Islands Hospice and Jan Eaton, an employee of

Islands Hospice, as Defendants.[1]   Compl. at ¶¶ 2-3, 5.   On March 13, 2023,

Islands Hospice removed the Complaint to this Court on the alleged basis of

diversity jurisdiction.   Dkt. No. 1 at 4-10.

In the Complaint, Fecher asserts the following four causes of action: (1) sex

and disability discrimination against Islands Hospice in violation of Hawaiʻi

Revised Statutes (HRS) Section 378-2; (2) retaliation against Islands Hospice in

violation of HRS Section 378-2(2); (3) aiding and abetting illegal conduct against

---

[1] As of the date of this Order, Fecher has not filed any proof that Eaton has been served with a copy of the Complaint.

Eaton in violation of HRS Section 378-2; and (4) violation of the HWPA against Islands Hospice.

On March 20, 2023, Islands Hospice filed the instant motion for partial dismissal of the Complaint (motion to dismiss), pursuant to Federal Rule of Civil Procedure 12(b)(6).   As mentioned earlier, Islands Hospice moves for dismissal of (1) any claims premised upon Fecher's alleged "constructive discharge" for failure to administratively exhaust the same, and (2) Fecher's claim under the HWPA for failure to state a claim.   On April 28, 2023, Fecher filed an opposition to the motion to dismiss, Dkt. No. 13, and Islands Hospice has filed a reply in support, Dkt. No. 14.

This Order now follows.

## RELEVANT EXHAUSTION PRINCIPLES

Before pursuing a claim under the Hawaiʻi Employment Practices Act (HEPA), such as Fecher's first three claims under HRS Section 378-2, she must first exhaust administrative remedies by filing a timely charge with the EEOC or the Hawaiʻi Civil Rights Commission (HCRC) and receiving a right-to-sue letter. Haw. Rev. Stat. § 378-4 (incorporating the procedures set forth in Chapter 368); *Id*. §§ 368-11, 368-12; *Ross v. Stouffer Hotel Co.*, 879 P.2d 1037, 1043 (Haw. 1994) (describing Hawaiʻi's administrative requirements under HRS Section 378-2 as a

"precondition" to suit).   However, this Court has held that Hawaiʻi's administrative requirements do not apply to claims brought under the HWPA, such as alleged in Fecher's fourth claim.   *Jass v. CherryRoad Techs., Inc.*, 449 F. Supp. 3d 923, 934-935 (D. Haw. 2020).

Further, in the Ninth Circuit, "substantial compliance with the exhaustion requirement is a jurisdictional prerequisite[,]" and "[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation."   *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).   Although the specific claims raised before a district court ordinarily must be presented to the EEOC, the court "has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations."   *Id*. (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)).

## <u>STANDARDS OF REVIEW</u>

### I.   <u>Federal Rule of Civil Procedure 12(h)(3)</u>

As an initial matter, in moving for partial dismissal here, Islands Hospice does so under Rule 12(b)(6).   *See generally* Dkt. No. 7-1.   As just mentioned, however, in the Ninth Circuit, Islands Hospice's argument, concerning Fecher's

purported failure to administratively exhaust her "constructive discharge" claim(s), is a "jurisdictional" argument that goes to this Court's subject matter jurisdiction. *Leong*, 347 F.3d at 1121.

In that regard, pursuant to Federal Rule of Civil Procedure 12(h)(3), a district court can dismiss a case "at any time" if it lacks subject matter jurisdiction. Further, when presented with an argument concerning subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.[2]

## II.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule

---

[2]Part of the evidence outside the pleadings, appropriate for jurisdictional consideration, consists of Fecher's Charge of Discrimination. Islands Hospice requests the Court to take "judicial notice" of the Charge, Dkt. No. 7-1 at 3-4. Fecher does not oppose the request and, in fact, appears to welcome the same, Dkt. No. 13 at 3. Accordingly, the Court agrees to take judicial notice of the Charge. *See also* Fed.R.Evid. 201.

12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."   Fed.R.Civ.P. 15(a)(2).   Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile,

or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The Court addresses each of Islands Hospice's arguments in turn, starting with the administrative exhaustion (or lack thereof) of Fecher's claim(s) of "constructive discharge, followed by the purported failure to state a claim under the HWPA.

### 1.    Administrative Exhaustion

The issue here is whether Fecher presented a claim of "constructive discharge" in her Charge of Discrimination and therefore administratively exhausted it.   Having reviewed the undisputedly accurate Charge of Discrimination, Dkt. No. 7-3, the answer is that she clearly did not.

In the Charge of Discrimination, Fecher alleged claims of "discrimination based upon my gender (female), pregnancy, and perceived disability," and "retaliation…."  *Id*. at 1.   Specifically, Fecher alleged that, after requesting accommodations from Islands Hospice due to her pregnancy, she was placed on unpaid administrative leave for failing to get a coronavirus vaccination.   *Id*. at 1-2. She further alleged that, at the time of filing the Charge of Discrimination, she

8

remained on unpaid leave, and, due to this status, she was unable to obtain temporary disability insurance for her pregnancy. *Id*. In other words, Fecher never alleged that she was constructively *discharged* or alleged that she was no longer in the employ of Islands Hospice for whatever reason; rather, she alleged she remained on unpaid leave.

Moreover, in this light, Fecher's allegations in the Charge of Discrimination are not "like or reasonably related" to her new allegation of constructive discharge. While it is feasible that an allegation of constructive discharge could, in a different case, be a possible adverse employment action for purposes of discrimination and retaliation claims, and, thus, something that could have "grow[n] out of" those claims, Fecher's Charge of Discrimination specifically alleged that the adverse employment action was placing her on unpaid leave, while failing to mention any facts suggesting that she had been constructively discharged.

Fecher does not reasonably contend otherwise. Rather, her sole response in this regard is that, in her Charge of Discrimination, she alleged that she was placed on unpaid leave. Dkt. No. 13 at 3. Presumably, therefore, Fecher believes that those two concepts−unpaid leave and constructive discharge−are essentially the same. Fecher, however, cites no law for that proposition or that the latter could "grow out of" an allegation of the former.

9

Therefore, the Court finds that Fecher did not present an allegation of constructive discharge in her Charge of Discrimination, and the same is not "like or reasonably related" to the allegations she did make.   This means that, to the extent Claims 1-3 of the Complaint, which are the claims brought under the HEPA, rely upon Fecher's alleged constructive discharge, those claims are unexhausted, and the Court, therefore, lacks subject matter jurisdiction over the same.[3]

However, as mentioned above, because Claim 4, which is brought under the HWPA, is not subject to administrative exhaustion requirements, the Court now turns to Islands Hospice's arguments that Fecher has failed to state a claim under Rule 12(b)(6).

### 2.    <u>Failure to State a Claim</u>

To state a claim under the HWPA, a plaintiff must allege (1) she engaged in conduct protected by the HWPA, (2) her employer took an adverse employment action, and (3) a "causal connection" between the protected conduct and the adverse action.   *Crosby v. State Dep't of Budget & Fin.*, 876 P.2d 1300, 1310 (Haw. 1994).

---

[3]To the extent Claims 1-3 rely upon Fecher allegedly being placed on unpaid leave, though, the claims may proceed.

Islands Hospice argues that Fecher has failed to allege such a claim because, among other things, she has failed to adequately allege protected activity or a causal connection between the same and any adverse action.   Dkt. No. 7-1 at 8-9. In response, Fecher asserts that her HWPA claim is sufficient because she alleges both that she was placed on unpaid leave and that Islands Hospice was "concerned" she would report its allegedly illegal conduct.   Dkt. No. 13 at 3-4.

The Court agrees with Islands Hospice that the allegations in the Complaint fail to allege a claim under the HWPA.   Notably, as Islands Hospice points out, the Complaint fails to adequately allege any protected conduct in which Fecher engaged.   Instead, at best, Fecher provides the threadbare allegations that Islands Hospice was "concerned" that she might engage in potentially protected activity, and Fecher "raised questions" about Islands Hospice's actions.   Compl. at ¶¶ 46-47.   As for the former, even if true, Fecher fails to allege that she actually *engaged* in any protected conduct.   As for the latter, although "rais[ing] questions" could potentially constitute protected conduct, Fecher fails to allege to whom she raised her alleged questions, when she raised them, or how.   It is, thus, not possible to know whether this conduct was causally connected to any adverse action, or, even, if the conduct is, in fact, protected.

11

Therefore, with respect to Claim 4, Fecher has failed to state a claim under Rule 12(b)(6) and federal pleading standards.

### 3.    **Leave to Amend**

Here, the deficiencies discussed above are, in part, potentially amendable and, in part, not.   Specifically, given that the allegations in the Charge of Discrimination cannot change, it is not possible for Fecher to amend her Complaint in a way that would incorporate any claim under the HEPA that is premised upon constructive discharge.   Fecher is, therefore, **not** permitted leave to amend the Complaint to include any such claim or allegation in Claims 1-3.   On the other hand, it is at least possible for the pleading deficiencies with Claim 4 to be corrected by amendment.   Therefore, because this is the first time Fecher has been provided with an opportunity to amend, the Court will allow leave to amend Claim 4 to address the deficiencies discussed herein.[4]

---

[4]In amending the Complaint, Fecher should also amend the allegations concerning the named Defendants' citizenship and/or place of incorporation.   At present, those allegations, Compl. at ¶¶ 2-3, state that Islands Hospice is organized under the laws of Hawaiʻi and Eaton is a resident of Hawaiʻi.   In its notice of removal, Dkt. No. 1, however, Islands Hospice states that it is incorporated in and a citizen of Oklahoma, and Eaton is a citizen of Oregon.   *Id*. at 4-6.   To the extent Fecher does not disagree with these assertions, she should amend her Complaint to reflect the same, so that the alleged diversity jurisdiction on which this case is founded is on proper footing.

## CONCLUSION

For the reasons set forth herein, the motion for partial dismissal, Dkt. No. 7, is GRANTED IN PART as follows.   To the extent Claims 1-3 of the Complaint rely upon Fecher's alleged constructive discharge, those claims are DISMISSED WITHOUT PREJUDICE and without leave to amend.   *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").   Claim 4 is DISMISSED WITH LEAVE TO AMEND to the extent set forth herein.

Fecher may have until June 1, 2023 to file an amended complaint consistent with the guidance set forth above.   Should Fecher fail to file a timely amended complaint, this case shall proceed solely with Claims 1-3, as limited herein.

IT IS SO ORDERED.

DATED: May 15, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*Lacy Fecher v. Islands Hospice, Inc., et al*; Civil No. 23-00130 DKW-WRP;
**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT WITH PARTIAL LEAVE TO AMEND**

13